UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William F. Turner, # 176859, | ) C/A No. 4:13-895-TMC-TER |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| Michael McCall, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 has been submitted to the court *pro se* by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**BACKGROUND**

This is a case begun with the filing of an initial § 2254 Petition by William F. Turner ("Petitioner"), who is currently an inmate at Lee Correctional Institution in Bishopville, South Carolina. Petitioner was convicted of murder, assault and battery with intent to kill, and armed robbery following a jury trial in Spartanburg County on June 5, 1991. He is serving a life sentence. ECF No. 1, Pet. 1. Following his conviction, Petitioner completed an unsuccessful direct appeal and a post-conviction relief application (PCR). *Id.* at 2-3.

The public records maintained by the Spartanburg County Clerk of Court's Office show that the order dismissing the PCR case was signed by the judge on February 27, 1996 and that the case was formally closed on March 4, 1996. According to Petitioner's responses to the questions on his

Petition, he did not file an appeal (petition for certiorari) with the South Carolina Supreme Court following the dismissal of the PCR application, nor did he pursue any other form of collateral relief from his conviction and sentence until filing this case on April 2, 2013. ECF No. 1, Pet. 4-5; *see Houston v. Lack*, 487 U.S. 266, 271 (1988)(*pro se* prisoner's pleading is deemed "filed" at moment of delivery to prison authorities for forwarding to district court). After this nearly seventeen-year break, Petitioner filed this initial § 2254 petition, alleging that his trial counsel was ineffective and asserting in response to the question about timeliness of his Petition at the end of the document that the AEDPA time limitations for § 2254 petitions does not apply to claims of ineffective assistance. ECF No. 1, Pet. 13. Petitioner does not provide any other explanation for the seventeen-year delay in filing this § 2254 Petition.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551

U.S. 89 (2007).  When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, the Petition submitted in this case should be summarily dismissed because it is untimely on its face.

**DISCUSSION**

The AEDPA became effective on April 24, 1996.  The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.  One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[1]  Subsection (d) of the statute now reads:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the <u>latest</u> of–

---

[2] Prior to this amendment there was no statute of limitations.  Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing.  *Duarte v. Hershberger*, 947 F. Supp. 146, 148 n.2 (D.N.J. 1996).

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a "properly filed" application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

As stated in the "Background" section above, Petitioner was convicted on June 5, 1991, and he filed a direct appeal, which he states ended on April 14, 1992. Therefore, his conviction became final after the lapse of ninety days on July 13, 1992. *See Harris v. Hutchinson,* 209 F.3d 325 (4th Cir.2000) (direct review concludes at expiration of time for seeking certiorari from United States Supreme Court); *see also* U.S. Sup. Ct. R. 13(1) (time for filing petition for certiorari with United States Supreme Court is 90 days). Petitioner filed his first PCR application on August 17, 1992. The period of limitations for filing his federal habeas corpus action was tolled during the pendency of the PCR, which was formally closed by Spartanburg County on March 6, 1996. Because his case was in the pipeline on the effective date of the AEDPA, April 26, 1996, he was given a little over a month of additional time (up to the date of the effective date of the Act) before his one-year limitations

period began to run, and he had until April 25, 1997 to file a timely § 2254 petition in this court. *See Giles v. Wonfenbarger*, 239 F. App'x 145, 147 (6th Cir. 2007); *Paul v. People of N.Y.*, No. CV-03-6508(FB), 2004 Wl 3090589, *2 (E.D.N.Y. Aug. 11, 2004). As stated previously, however, without a reasonable explanation for delay, Petitioner did not file this case until nearly sixteen years later: on April 2, 2013. This untimeliness is clear on the face of the Petition and, therefore, unless there are grounds for the exercise of equitable tolling, the Petition in this case should be dismissed as time barred. *See Day v. McDonough*, 547 U.S. 198, 210 (2006) (generally precluding *sua sponte* dismissals of habeas cases for untimeliness unless the record is clear on the issue).

Petitioner does not allege anything to warrant equitable tolling. In the case of *Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003), the Fourth Circuit held the following:

> Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* --- U.S. ----, 123 S.Ct. 1398, 1401, 155 L.Ed.2d 363 (2003) (internal citations and quotation marks omitted). Nevertheless, we have held that the AEDPA statute of limitations is subject to equitable tolling. *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000). As we held in *Harris,* however, rarely will circumstances warrant equitable tolling:
>
>> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Id*. Principles of equitable tolling do not extend to garden variety claims of excusable

> neglect. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (equitable tolling did not apply where petitioner's lawyer was absent from the office when the EEOC notice was received, and petitioner filed within 30 days of the date he personally received notice). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.'" *Spencer v. Sutton,* 239 F.3d 626, 630 (4th Cir.2001) (quoting *Harris,* 209 F.3d at 330). Accordingly, under our existing "extraordinary circumstances" test, Rouse is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.
>
> The district court held that although the 1-year AEDPA limitations period is subject to equitable tolling, a "mistake of counsel does not serve as a ground for equitable tolling" as a matter of law. (J.A. at 328.) The court held that the circumstance that prevented Rouse from filing on time, his former counsel's "slight miscalculation by relying on Fed.R.Civ.P. 6(e)," was not an extraordinary circumstance beyond Rouse's control, and thus, that equitable tolling did not apply. (J.A. at 327-31.) The district court also found that Rouse's health during the limitations period did not warrant equitable tolling because he was not in "any way incompetent for a substantial part of the [limitations period]." (J.A. at 331.)

*Rouse*, at 246-247. The only "excuse" provided by Petitioner for his lengthy delay in filing this habeas case is his assertion that ineffective assistance claims are not covered by the AEDPA's time limitations. This is an incorrect statement of the law. Because Petitioner has not shown any extraordinary circumstances to warrant equitable tolling, the Petition submitted in this case is barred by the statute of limitations and this case should be summarily dismissed.

### **RECOMMENDATION**

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*.

Petitioner's attention is directed to the important notice on the next page.

                                                s/Thomas E. Rogers, III  
                                                Thomas E. Rogers, III  
                                                United States Magistrate Judge

May 6, 2013  
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).